UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN VINTORA MAAE,

        Plaintiff,

v.

PIERCE COUNTY SHERIFF, ET. AL.,

        Defendants.

Case No. C17-5726-RJB-TLF

ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND

    This matter is before the Court on plaintiff's filing of a proposed civil rights complaint.[1] Plaintiff Allen Vintora Maae is a prisoner currently confined at the Pierce County Jail, Tacoma, Washington. On September 9, 2017, plaintiff filed a deficient *pro se* application for leave to proceed *in forma pauperis* (IFP) and a proposed complaint under 42 U.S.C § 1983. Dkt. 1. The Clerk notified plaintiff of the deficiency and on September 25, 2017, plaintiff submitted a corrected IFP application, which the Court has granted by separate order.

    In light of the deficiencies in the complaint discussed herein, however, the undersigned will not direct service of the complaint at this time. Plaintiff, though, will be provided the opportunity by the date set forth below to show cause why the complaint should not be dismissed or to file an amended complaint.

**FACTUAL ALLEGATIONS**

---

[1] Dkt. 1-1.

ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND - 1

In the proposed complaint, plaintiff alleges that while at the jail he stepped on a "doorstopper," which was black in color and blended in with the floor, and fractured his foot in two places. Dkt. 1-1 at 2. Since his injury, plaintiff contends the jail has painted all doorstoppers "yellow." *Id.* Plaintiff alleges "although plaintiff is currently receiving adequate medical treatment, for over ninety days the broken foot went totally untreated which led to further injury." *Id.* at 3. Plaintiff contends the jail should have known that black doorstoppers "were a hazard," and that he is "incapacitated due to gross negligence." *Id.* at 3-4. He seeks ten million dollars in damages. *Id.* at 4.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992) *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the

amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here plaintiff seeks relief under § 1983. Dkt. 1-1 at 2. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (9th Cir. 1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.     Negligence**

Plaintiff claims he was injured due to the defendants' negligence, i.e. defendants should have known black doorstoppers are hazardous. However, negligence is not actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 & n. 4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). The claim as currently pled thus fails to state a cognizable claim under § 1983. Similarly, plaintiff's claim he did not receive prompt medical treatment is also an allegation that defendants were negligent or committed medical malpractice. This claim is also not cognizable under § 1983. *See, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence).

**B.     Liability of Parties**

   **(1)     Supervisory Liability**

Plaintiff names the Pierce County Sheriff and the Pierce County Medical Department as defendants. The complaint does not allege the defendants were present at the time of the injury or directly participated in any way in the matters raised in the complaint. Perhaps plaintiff intends to claim the defendants are liable as supervisors. However § 1983 supervisory liability cannot be based on respondeat superior. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). That is, a § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

To the extent plaintiff's complaint is premised solely on the responsibility of an individual to supervise employees at the Jail, he has failed to state a § 1983 claim. To state a claim against any individual defendant, plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (vicarious liability is inapplicable to a § 1983 suit).

**B.     Personal Participation – Eighth Amendment Claims**

Although plaintiff contends he was injured through the negligence of a defendant, the complaint does not identify the state actor involved, what that individual did, or how the individual's actions caused plaintiff's injuries. To obtain relief against an individual defendant under 42 U.S.C. § 1983, a plaintiff must prove that a particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Plaintiff must therefore set forth specific facts showing a causal connection

1 between each defendant's actions and the harm he allegedly suffered. *See id.*; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The complaint does not meet these standards. Instead it alleges negligence without naming any state actor, or setting forth what that individual did that violated plaintiff's rights. This is not sufficient to state an Eighth Amendment violation. Plaintiff may file an amended complaint to provide additional facts to support this claim, including the nature of his injuries and which individual or individuals knew of his injuries and failed to provide treatment.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before January 29, 2018**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1 | The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2 | civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

3 | Dated this 29th day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DECLINING SERVICE AND GRANTING LEAVE
TO AMEND - 6