UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLEN VINTORA MAAE,<br><br>                    Plaintiff,<br>     v.<br><br>PIERCE COUNTY SHERIFF ET. AL.,<br><br>                    Defendants. | Case No. C17-5726-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>APRIL 20, 2018</u> |

Pro se plaintiff Allen Vintora Maae, who is currently confined at the Pierce County Jail, Tacoma, Washington, has filed a 28 U.S.C. § 1983 prisoner civil rights complaint. Dkt. 6. In his complaint, plaintiff contends that while at the jail he stepped on a "doorstopper," which was black in color and blended in with the floor, and fractured his foot in two places. Dkt. 6 at 2. Since his injury, plaintiff contends the jail has painted all doorstoppers "yellow." *Id.* Plaintiff alleges "although plaintiff is currently receiving adequate medical treatment, for over ninety days the broken foot went totally untreated which led to further injury." *Id.* at 3. Plaintiff contends the jail should have known that black doorstoppers "were a hazard," and that he is "incapacitated due to gross negligence." *Id.* at 3-4. He seeks ten million dollars in damages. *Id.* at 4.

The Court declined to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. However, because plaintiff is proceeding *pro se*, he was granted leave to file an amended complaint or to show cause by January 29, 2018, why

REPORT AND RECOMMENDATION - 1

his claim should not be dismissed. Dkt. 7. Plaintiff has failed to do so. The Court recommends that the complaint be dismissed without prejudice for failure to state a claim.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged

REPORT AND RECOMMENDATION - 2

wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.    Negligence**

Plaintiff claims he was injured due to the defendants' negligence, i.e. defendants should have known black doorstoppers are hazardous. Dkt. 6. However, negligence is not actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 & n. 4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). The claim as currently pled thus fails to state a cognizable claim under § 1983. Similarly, plaintiff's claim he did not receive prompt medical treatment is also an allegation that defendants were negligent or committed medical malpractice. This claim is also not cognizable under § 1983. *See, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence). The plaintiff was notified of these deficiencies and was afforded an opportunity to amend his complaint but has failed to do so. Dkt. 7.

**B.    Liability of Parties**

**(1)    Supervisory Liability**

Plaintiff names the Pierce County Sheriff and the Pierce County Medical Department as defendants. Dkt. 6. The complaint does not allege the defendants were present at the time of the injury or directly participated in any way in the matters raised in the complaint. *Id.* Perhaps plaintiff intends to claim the defendants are liable as supervisors. However § 1983 supervisory liability cannot be based on respondeat superior. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). That is, a § 1983 action may not be brought against a

REPORT AND RECOMMENDATION - 3

1  supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See*

2  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

3        To the extent plaintiff's complaint is premised solely on the responsibility of an

4  individual to supervise employees at the Jail, he has failed to state a § 1983 claim. To state a

5  claim against any individual defendant, plaintiff must allege facts showing that the individual

6  defendant participated in or directed the alleged violation, or knew of the violation and failed to

7  act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*,

8  525 U.S. 1154 (1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (vicarious liability is

9  inapplicable to a § 1983 suit). The plaintiff was notified of these deficiencies and was afforded

10  an opportunity to amend his complaint but has failed to do so. Dkt. 7.

11  **B.**     **Personal Participation – Eighth Amendment Claims**

12        Although plaintiff contends he was injured through the negligence of a defendant, the

13  complaint does not identify the state actor involved, what that individual did, or how the

14  individual's actions caused plaintiff's injuries. To obtain relief against an individual defendant

15  under 42 U.S.C. § 1983, a plaintiff must prove that a particular defendant has caused or

16  personally participated in causing the deprivation of a particular protected constitutional right.

17  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290

18  (9th Cir. 1977). Plaintiff must therefore set forth specific facts showing a causal connection

19  between each defendant's actions and the harm he allegedly suffered. *See id.*; *Aldabe v. Aldabe*,

20  616 F.2d 1089, 1092 (9th Cir. 1980).

21        The complaint does not meet these standards. Instead it alleges negligence without

22  naming any state actor, or setting forth what that individual did that violated plaintiff's rights.

23  This is not sufficient to state an Eighth Amendment violation. Plaintiff was notified of these

24

25

deficiencies and was afforded an opportunity to amend his complaint but has failed to do so. Dkt. 7.

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff was given guidance and an opportunity to plead facts necessary to support his claim, but he has failed to do so. Therefore the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim.**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **April 17, 2018.** The Clerk should note the matter for **April 20, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

Dated this 26th day of March, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5